UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT C. ADAMS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 21-cv-3178-MMM |
| | ) | |
| WARDEN . GREENE, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Western Illinois Correctional Center ("Western"), proceeds under 42 U.S.C. § 1983, alleging inhumane conditions of confinement. Plaintiff has also filed a motion [ECF 7], referring to a case he had filed earlier, *Adams v. Greene*, No. 21-3155 (C.D. Ill. July 12, 2021) ("*Adams #1*"). Plaintiff requests that the complaint here ("*Adams #2*"), be "combined" with Adams #1 and a third case, *Adams v. Greene*, No. 21-3166 (C.D. Ill. July 15, 2021) ("*Adams #3*"). The Court notes that Plaintiff had filed a total of 10 cases between July 12, 2021 and July 29, 2021 and that *Adams #3* was recently dismissed for Plaintiff's failure to pay the filing.

The complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

*Adams #1* was filed July 14, 2021 and complains of the excessive heat at Western "last year during the summer." *Adams #2* was filed July 27, 2021 and complains of excessive heat at Western "during the summer of 2020 and 2021". The allegations in *Adams #1* and *Adams #2* are largely identical, with Plaintiff's complaining that when the outdoor temperatures are in the low nineties, the indoor temperatures are hotter by 10 to 15° (Adams #2) or 10 to 20° (Adams #1). Plaintiff complains that there is no air-conditioning in the facility and that blowers only serve to circulate the already hot air.

In both cases, Plaintiff complains that when he walks to the healthcare unit his head hurts due to the heat. He indicates that inmates are only given two scoops of ice per day, and that this ice quickly melts. Plaintiff also complains that inmates in segregation are not allowed fans and that inmates in the bottom deck of the receiving cell do not have electrical outlets in which to plug in fans. Plaintiff does not claim, however, that he has been held either in segregation or the receiving units during the times in question. *Adams #1* contains the additional claims that the ice machines are old and outdated, and that the vents in the showers and dayroom are filthy.

## ANALYSIS

The Court notes that Plaintiff is proceeding in *Adams #1* on an Eighth Amendment claim conditions of confinement claim. The complaint before this Court appears to plead the same claims as to the excessive heat, but references two Summers, those of 2020 and 2021. As a result, there is a perceived difference between the two complaints.

The more pressing issue, however, is that Plaintiff has filed a complaint which does not include a prayer for relief. The complaint must be dismissed as Fed. R. Civ. P. 8(a) requires that every complaint to contain a short and plain statement showing entitlement to relief, and a demand for what relief is sought. Without that information, the complaint does not comply with Rule 8(a) and therefore fails to state a claim upon which relief can be granted. *Edmondson, et al., v. Decatur Co. Detention Center*, 21-00499, 2021 WL 859735, at *3 (S.D. Ind. Mar. 8, 2021). Plaintiff will have leave to replead should he wish, but is cautioned that he is not to plead the same allegations proceeding in *Adams #1* or any of his other lawsuits. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993) (holding that a plaintiff proceeding *in forma pauperis* who pleads allegations duplicative of those in another pending lawsuit acts maliciously and is subject to a strike under 28 U.S.C. § 1915(g)).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion to consolidate this case with *Adams v. Greene*, No. 21-3155 (C.D. Ill. July 12, 2021) and *Adams v. Greene*, No. 21-3166 (C.D. Ill. July 15, 2021), [ECF 7] is DENIED without prejudice to Plaintiff reasserting the motion as to *Adams v. Greene*, No. 21-3155 (C.D. Ill. July 12, 2021) only, as *Adams v. Greene*, No. 21-3166 (C.D. Ill. July 15, 2021) has been dismissed.

2. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 8(a) and 28 U.S.C. § 1915A. [ECF 5] and [ECF 6] are, therefore, rendered MOOT. Plaintiff will have 30 days in which to file an amended complaint. The filing is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. Plaintiff is not to replead allegations being litigated in any of his other pending

lawsuits. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

|  |  |
|---|---|
|  11/8/2021 | s/Michael M. Mihm |
| ENTERED | MICHAEL M. MIHM |
|  | UNITED STATES DISTRICT JUDGE |