UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT C. ADAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-3178-MMM |
| WARDEN GREENE, | ) ) ) |
| Defendant. | ) |

### MERIT REVIEW ORDER – AMENDED COMPLAINT

**Michael M. Mihm, U.S. District Judge:**

Plaintiff, proceeding *pro se* and incarcerated at Western Illinois Correctional Center ("Western"), has filed an amended complaint [ECF 11] under 42 U.S.C. § 1983, alleging inhumane conditions of confinement. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### FACTS

Plaintiff has multiple lawsuits pending in this district. Notably, Plaintiff filed another case, *Adams v. Greene,* Case No. 21-3155 (C.D. Ill.) (*Adams* #1), on July 14, 2021, in which he

complains of the excessive heat at Western "last year during the summer." This lawsuit, *Adams* #2, was filed July 27, 2021. In his original complaint, Plaintiff complained of excessive heat at Western "during the summer of 2020 and 2021." The allegations in *Adams* #1 and his original complaint in *Adams* #2 were largely identical, with Plaintiff complaining that when the outdoor temperatures are in the low nineties, the indoor temperatures are hotter by 10 to 15° (*Adams* #2) or 10 to 20° (*Adams* #1). Plaintiff complained that there is no air-conditioning in the facility and that blowers only serve to circulate the already hot air.

Plaintiff's amended complaint again complains of excessive heat at Western during the summers of 2020 and 2021. He alleges that there is no air conditioning, they are not given sufficient ice, the ice melts too quickly, and the water cups are too small. He alleges that while they are allowed to have fans, it is not possible to use fans in some cells, and that the fans do not provide sufficient relief. Specifically, he alleges that he has been placed in segregation, and that there are no outlets for fans in segregation. He claims that he has suffered from heat exhaustion, that it was hard to breathe in the heat, that the heat has made his head hurt, and that the heat has caused flair-ups of his chronic ulcerative colitis.

His amended complaint also alleges that the prison is excessively cold in the winter months. Additionally, his clothing is insufficient in the winter months, he is not allowed to wear sweatshirts purchased from the commissary outside of his residence, and the windows are thin—all of which make the cold conditions worse. Because of these conditions, he has to sleep with all of his clothes on in the winter and he suffers sleep deprivation. He also complains that the curtains are dirty, that inmates are not given basic cleaning supplies, that there is no protection from the rain when moving between buildings for meals or in the yard, that there are no places

for disabled individuals to sit in the yard, and that the air is "in danger of being toxic" because some prison staff have refused to get vaccinated.

Plaintiff's original complaint was dismissed for failing to include a prayer for relief. In his amended complaint, Plaintiff requests punitive and compensatory damages, as well as various specific requests including that shaded areas be added to the yard, air conditioning units be added to places inmates reside, and proper winter clothing be provided.

## ANALYSIS

Plaintiff was cautioned in the Court's first Merit Review Order [ECF 8] that he should not replead allegations being litigated in *Adams* #1. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993) (holding that a plaintiff proceeding in forma pauperis who pleads allegations duplicative of those in another pending lawsuit acts maliciously and is subject to a strike under 28 U.S.C. § 1915(g)). The Court notes that Plaintiff is proceeding in *Adams* #1 on an Eighth Amendment conditions of confinement claim. That lawsuit addresses only Plaintiff's claims of excessive heat during the summer of 2020. In his amended complaint here, Plaintiff still includes claims regarding the excessive heat during the summer of 2020, including identical claims about insufficient ice and air conditioning, and an inability to plug in fans for some inmates. The Court finds that these allegations are duplicative and dismisses them from this lawsuit without prejudice to pursing them in *Adams* #1.

Nonetheless, Plaintiff's amended complaint includes unique claims here that are not being pursued in *Adams #1* and that are sufficient to plead an Eighth Amendment conditions of confinement claim. To plead an Eighth Amendment conditions of confinement claim, Plaintiff must plead that "the conditions at issue were 'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities'" and that

the prison official acted with deliberately indifference to the conditions in question. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970 (1994)). Plaintiff alleges that there was excessive heat during the summer of 2021, and excessive cold during the winters of 2020 and 2021, as well as a lack of cleaning supplies, dirty curtains, and insufficient rain cover in the yard. These allegations state an Eighth Amendment claim based upon the conditions of his confinement at Western. Plaintiff's claim will proceed against Warden Greene only. *Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001)(holding that the warden of the facility is the proper defendant to answer for claims regarding conditions of confinement and to carry out any injunctive relief granted).

Plaintiff may also be seeking to bring a deliberate indifference claim based on the refusal of some prison employees to get vaccinated. Plaintiff does not specify which vaccine, but presumably he is referring to the COVID-19 vaccine. For a prison official to be liable for deliberate indifference, he must have known of and disregarded "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir.2001)). Plaintiff does not identify which individuals he believes failed to take a vaccine. Moreover, failure to vaccinate oneself is not likely to represent an excessive risk to inmate safety, especially when there are no allegations that other precautions are not being taken. Accordingly, the Court finds that the amended complaint fails to state a claim for deliberate indifference pursuant to Fed. R. Civ. P. 12(b)(6).

Additionally, his deliberate indifference claim is not directed at Warden Green, so may not proceed in the same lawsuit as his conditions of confinement claim. *See George v. Smith*, 507

F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *See Linton v. Godinez*, No. 16-00492, 2016 WL 3055264, at *2 (S.D. Ill. May 31, 2016). "Federal Rule of Civil Procedure 20 allows additional claims against separate defendants only if the additional claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Id*. (citing *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012)). To the extent that he could identify the specific staff that are allegedly acting with deliberate indifference against him by refusing to get vaccinated, such a claim would belong in another lawsuit.

**IT IS THEREFORE ORDERED:**

1. Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Amended Complaint states an Eighth Amendment conditions of confinement claim against Warden Greene. However, his claims regarding the excessive heat from the summer of 2020 are stricken from the amended complaint as duplicative to those he is proceeding with in his pending lawsuit, *Adams v. Greene,* Case No. 21-3155 (C.D. Ill.). Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.

3.  Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4.  The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has Sixty (60) days from the date the waiver is sent to file an answer. If Defendant has not filed answers or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

5.  If Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.  Defendant shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

7.  This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not

apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

8. Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The Clerk is directed to attempt service on Defendant Warden Greene pursuant to the Court's standard procedures.

<u>March 4, 2022</u>　　　　　　　　　　　　　　　　/s/ Michael M. Mihm
ENTERED　　　　　　　　　　　　　　　　　　　MICHAEL M. MIHM
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE